IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| FROILAN GOMEZ-COLON<br>Petitioner<br>vs<br>UNITED STATES OF AMERICA<br>Respondent | CIVIL 05-1840CCC<br>(CR. 02-0472CCC |

**OPINION AND ORDER**

I. INTRODUCTION

This matter is before the Court upon petitioner Froilán Gómez-Colón's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. §2255 filed on August 4, 2005. Petitioner challenges the sentence imposed following his conviction for a child-pornography related offense. The Court has reviewed the arguments and the prior proceedings in the underlying criminal case and, for the reasons below more fully detailed, Petitioner's §2255 motion is DENIED.

II. BACKGROUND

On December 12, 2002, a federal grand jury returned a one-count indictment charging Petitioner Foilán Gómez-Colón (hereinafter "Petitioner" or "Petitioner Gómez-Colón") with production of material depicting the sexual exploitation of children, in violation of 18 U.S.C. §2251(a) and 2. On January 23, 2003, petitioner was arraigned on the federal indictment and entered a plea of not guilty. He was denied bail pending trial. On April 24, 2003, petitioner filed a motion for change of plea. At the change of plea hearing held before a Magistrate Judge on May 8, 2003, petitioner entered a straight plea to Count One. The Court conducted a thorough colloquia to ensure petitioner's intelligent and voluntary waiver of various rights and entry of a guilty plea. The Court advised him that he could be subject to an upward departure (docket entry 20). Having conducted a proceeding in compliance with Fed.R.Crim.P. 11, on May 9, 2003, Magistrate Judge Gustavo A. Gelpí filed a Report and Recommendation

CIVIL 05-1840CCC                              2

in which he recommended that his guilty plea be accepted.  The Report and Recommendation expressly stated that "the Court advised the defendant, that he may be subject to an upward departure" (docket entry 20, p. 6).  No objections to Magistrate Judge Gelpí's Report and Recommendation were filed. Subsequently, the Court entered an Order adopting and approving the Magistrate Judge's recommendation and Petitioner was adjudicated guilty of the charges set forth in Count One of the Indictment.

On July 15, 2003, Petitioner objected to the Presentence Investigation Report (PSI) in a sealed motion; other sealed motions from the Government and Petitioner followed (docket entries 25, 26, 27, 28, 29, 30).  On August 8, 2003, this Court denied the objections (docket entry 32).  Petitioner was sentenced on August 8, 2003.  At the sentencing hearing, Petitioner Gómez-Colón stated that the previous issues raised in his sealed motions, namely, that his due process rights were violated because he had not received several of the victims' statements which were summarized in the PSI, had been rendered moot because he had recently received the statements and the same were accurately reflected in the PSI.  On the other hand, Petitioner argued that an upward departure could not be supported.  After hearing both parties on the sentencing issues, the District Court found that an upward departure of four levels was justified upon Petitioner's conviction of one count of sexual exploitation of children because its decision to depart was not based simply on the victim's age, an element already incorporated in the base offense, but on harm inflicted upon the victim as a result of defendant's heinous behavior.  The upward departure was based on §5K2.8 which addresses "Extreme Conduct" on the part of the defendant. The Court determined a total offense level of thirty-eight (38) and a criminal history of I.  Petitioner was sentenced to the statutory maximum of two-hundred forty (240) months of imprisonment as to Count One of the Indictment, with three years of supervised release, and a special monetary assessment of $100.00.

Petitioner filed a notice of appeal on August 19, 2003 raising that 1) the Court abused its discretion in imposing an upward departure; 2) the upward depature was unwarranted

CIVIL 05-1840CCC                                    3

because the facts taken into consideration by the district court were covered in the Guidelines; and 3) the Court violated his due process rights by considering hearsay evidence in applying an upward departure which, in turn, resulted in a violation to his right to confront the victims who made the statements.

On June 30, 2004 the First Circuit affirmed the sentence. Among other things, the First it ruled that imposition of a four-level upward departure for engaging in a long standing pattern of activity involving sexual abuse of minors was not accounted for by one charge to which defendant pled guilty, and thus did not amount to a double counting of the same conduct. Thus, an upward departure of four levels based on extreme conduct on the part of Petitioner was proper.

III. DISCUSSION

A. Standard of Review

To prevail on a Section 2255 motion, the Petitioner must demonstrate the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. §2255. As a collateral action, Section 2255 is not a substitute for direct appeal and claims raised on direct appeal are procedurally barred. United States v. Frady, 456 U.S. 152, 164, 102 S.Ct. 1584, 71 L.Ed. 2d 816 (1982). Reconsideration is only appropriate where there is an intervening change in the law and the new law would have exonerated a defendant had it been in place before the conviction was affirmed on direct appeal. Id. Section 2255 may not be employed to relitigate questions raised and considered on direct appeal. See Barrett v. United States, 965 F.3d 1184, 1190, n.11 (1st Cir. 1992).

Section 2255 claims that were not raised on direct review are also procedurally barred "unless they raise constitutional or jurisdictional claims, or result in a 'complete miscarriage of justice.'" United States v. Addonizio, 442 U.S. 178, 184 (1979). A Petitioner who seeks to

CIVIL 05-1840CCC                                4

raise a claim in a Section 2255 motion that he did not raise on direct appeal must show "cause and prejudice" or a "fundamental miscarriage of justice" for failure to do so. <u>Frady</u>, 456 U.S. at 165. To show "cause" the petitioner must demonstrate that he was prevented from filing a direct appeal. <u>Coleman v. Thompson</u>, 501 U.S. 722, 752 (1991) (cause is "something external to the petitioner" which "cannot be fairly attributed to him.") Similarly, "actual prejudice" requires that a petitioner "establish that the errors worked to his actual and substantial disadvantage, infecting his entire [proceeding] with error of constitutional dimensions." <u>Torres v. Senkowski</u>, 316 F.3d 147, 152 (2d Cir. 2003) (internal marks and citations omitted).

B. Claims Previously Considered and Rejected on Appeal

Most of Petitioner's claims were previously raised and considered on appeal and are thus barred from consideration by this Court.

1. Claims Explicitly Rejected by the First Circuit

On appeal, Petitioner Gómez-Colón argued specifically that 1) the Court abused its discretion in imposing an upward departure; 2) the upward departure was unwarranted because the facts taken into consideration by the district court were covered in the Guidelines; and 3) the Court violated his due process rights by considering hearsay evidence in applying an upward departure which, in turn, resulted in a violation to his right to confront the victims who made the statements.

Inasmuch as Petitioner is alleging that the Court erred in imposing a four-level upward departure, this claim was previously raised and expressly decided by teh First Circuit and is therefore barred. The First Circuit decided his claim as follows:

> In this case, the circumstances which Gómez admitted, including the years-long period during which he repeatedly obliged two minors to perform oral and genital sex upon each other and himself, and the inclusion at least once of a stranger in these acts, can be characterized as particularly heinous conduct, characterized by prolonged humiliation of the victims. Such conduct is not contemplated by the United States Sentencing Guideline §2G2.1, which provides punishment for even one act constituting the sexual exploitation of children by production of sexually explicit visual material.

CIVIL 05-1840CCC                               5

> Gómez also asserts that the court erred in considering evidence of other alleged victims of his abuse and a medical exam of another of his daughters. He maintains that he never admitted to the conduct alleged and that it was a violation of due process that he had no opportunity to confront the sources of these allegations.
>
> It is clear, however, that the district court did not rely upon this evidence for the upward adjustment here. Rather, it considered the prolonged humiliation of the two victims whom Gómez admitted abusing, both of whom endured his exploitation for years. We conclude that the circumstances upon which the court relied amply support an upward departure, and that the district court decision passes de novo review."

United States v. Gómez-Colón, No. 03-2288, Slip. Op. June 30, 2004.

2. Claims Not Raised on Appeal

Aside from claims that were already decided on appeal, the balance of the claims are waived because they were not raised on direct appeal and Petitioner has not shown either (1) cause for their failure to raise the claim and actual prejudice that resulting from the errors he complains of, or (2) the claim would result in a miscarriage of justice if barred from consideration. Frady, 456 U.S. at 167 (citing Davis v. United States, 411 U.S. 233 (1973)). As such, his Apprendi/Blakely/Booker-type claims must be rejected.

To show "cause," Petitioner Gómez-Colón must demonstrate that "some objective factor external to the defense impeded" his efforts to raise the claim on appeal. Murray v. Carrier, 477 U.S. 478, 488 (1986). Rather than discuss why he was prevented from raising these claims, Petitioner discussed the merits. Likewise, he did not attempt to show any fundamental miscarriage of justice which would permit "a federal habeas court [to] grant the writ [of habeas corpus] even in the absence of a showing of cause for the procedural default." Murray, 477 U.S. at 496) (internal marks omitted). This exists only "[i]n an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." Id.; see also United States v. Olano, 507 U.S. 725, 736 (1993) ("[i]n collateral-review jurisprudence, the term "miscarriage of justice" means that the Defendant is actually innocent.")

CIVIL 05-1840CCC                                6

To prove his actual innocence Petitioner must present "new reliable evidence that was not presented at trial." Schlup v. Deleo, 513 U.S. 298, 324 (1995). Here, Petitioner failed to argue actual innocence or offer any new evidence towards that end.

Additionally, notwithstanding that his Apprendi/Blakely/Booker-type claims are procedurally barred, these claims also fail on the merits. Apprendi arguments are not retroactive on collateral proceedings. (See Sustache-Rivera v. United States, 221 F.3d 8, 15 (1st Cir. 2000) (stating that "it is clear that the Supreme Court has not made the [Apprendi] rule retroactive to cases on collateral review")); Blakely and Booker are not retroactive either. See McReynolds v. United States, 397 F.3d 479 (7th Cir. 2005) (Booker does not apply retroactively to criminal cases that became final before its release); United States v. Fraser, 407 F.3d 9 (1st Cir. 2005) (petitions under §2255 are unavailable to advance Booker claims in the absence of a Supreme Court decision rendering Booker retroactive since this would provide an avenue to escape restrictions Congress has imposed on habeas review); Cirilo-Muñoz v. United States, 404 F.3d 527, 533 (1st Cir. 2005); since Apprendi is not to be applied retroactively, comparable Blakely-like claims run the same fate. Cirilo Muñoz v. United States, 404 F.3d at 533.

IV. CONCLUSION

It is ORDERED that Petitioner Froilán Gómez-Colón's request for habeas relief under 28 U.S.C. §2255 (**docket entry 1**) is DENIED and his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. §2255 is DISMISSED with prejudice.

SO ORDERED.

At San Juan, Puerto Rico, on February 20, 2007.

                                              S/CARMEN CONSUELO CEREZO
                                              United States District Judge